AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Brian Myers
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-114-2-JJF.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
    X  for which a maximum term of imprisonment of ten years or more is prescribed in   211 USC § 841   .
    ☐ under 18 U.S.C. § 924(c).
X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence: Defendant did not oppose the government's motion for detention reserving the right to review the court's order for detention at a later time which was granted. In addition to the defendant's present non-opposition, the additional bases that there are not conditions that will reasonably assured defendant's appearance as required and the safety of the community are as follows:
1. Defendant has limited contacts to this area. He had been living with his grandmother for a short time and just prior to his arrest he was living with a roomate, background unknown. He does not have stable employment and has been unemployed since March 2006 with not legitimate source of income reported. His loss of employment resulted from an AA in March 2006 where he injured his back.
2. Defendant's past criminal history is substantial and more involved that his co-defendant, Mercado. His pending charges are considered as crimes violence. In 1998, he was convicted of possession with intent to deliver. He has been arrested for DUI, firearm offenses and violation of controlled substance/drug device act (4 counts) in PA on at least two occasions in 1998 (disposition is unknown). He was charged with possession of a deadly weapon during the commission of a felony and maintaining a vehicle for controlled substances. Although the disposition of these offenses is unknown, he was found VOP in 2004.
3. The evidence against defendant is strong involving a law enforcement agent working under cover as well as a CI. There are tapes and witnesses to his conduct, which suggests more than minimal involvement in drug trafficking and in support of the conspiracy. The present charges are strongly reflective of his past criminal conduct.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 6, 2006 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).