*Filed in Open Court This 25th day of April 2008*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-114-02 JJF |
| | : | |
| BRIAN KEITH MYERS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Brian Keith Myers, by and through his attorney, Samuel Stretton, Esquire, the following agreement is hereby entered into by the respective parties:

1.      The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts IV, V, VI, and VII of the Indictment.  Count IV of the Indictment charges the defendant with knowingly distributing a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  Count V of the Indictment charges the defendant with knowingly distributing a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  Count VI of the Indictment charges the defendant with knowingly distributing more than fifty grams of a mixture and substance containing a detectable amount of cocaine base, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).  Count VII of the Indictment charges the defendant with knowingly distributing more than fifty grams of a mixture and substance containing a detectable amount of methamphetamine,  a controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

2.    The maximum penalties for Counts IV and V are twenty years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special assessment.  The maximum penalties for Count VII are forty years imprisonment (five years minimum-mandatory), a fine of $2,000,000, lifetime supervised release with a minimum of four years of supervised release, and a $100 special assessment.  The maximum penalties for Count VI are life imprisonment (ten years minimum-mandatory), a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

3.    The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is:

(a)    Count IV, on or about February 16, 2006, the defendant knowingly distributed a mixture and substance containing a detectable amount of cocaine;

(b)    Count V, on or about March 9, 2006, the defendant knowingly distributed a mixture and substance containing a detectable amount of cocaine;

(c)    Count VI, on or about May 22, 2006, the defendant knowingly distributed more than fifty grams of a mixture and substance containing a detectable amount of cocaine base;

(d)    Count VII,  on or about September 8, 2006, the defendant knowingly distributed more than fifty grams of a mixture and substance containing a detectable amount of methamphetamine.

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

2

appropriate sentence. If the statutory minimum of one hundred twenty (120) months falls within, or above, the guideline range ultimately determined by the Court, the government agrees that it will recommend a sentence of one hundred twenty (120) months. If the statutory minimum of one hundred twenty (120) months falls below the guideline range ultimately determined by the Court, the government will recommend the low end of the guideline range. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.     The defendant agrees to pay the $400 special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.     Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The government will move to dismiss Counts VIII, IX and X of the

3

related felonies.

7.      The defendant understands that if it is discovered that any prior statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

8.      The defendant agrees to forfeit all interests in any drug-related and money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.

9.      The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10.      The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture

4

constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested

by the United States to pass clear title to forfeitable assets to the United States, and to testify

truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered

by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property

facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

11.    It is further agreed by the undersigned parties that this Memorandum supersedes

all prior promises, representations, and statements of the parties; that this Memorandum may be

modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect

whatsoever.

COLM F. CONNOLLY
United States Attorney

By:
Samuel Stretton, Esquire                      Douglas E. McCann
Attorney for Defendant                        Assistant United States Attorney

Brian Keith Myers
Defendant

Dated: 4/25/08

AND NOW, this 25 day of ____April____, 2008, the foregoing Memorandum

of Plea Agreement is hereby (accepted)(rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

5